```
STEVEN J. SIBLEY (SBN 152365)
JOHN E.F. DINAPOLI (SBN 84365)
DINAPOLI & SIBLEY
Ten Almaden Boulevard, Suite 1250
San Jose, CA 95113-2271
Telephone: (408) 999-0900
Facsimile:  (408) 999-0191
SJS@dslaw.net

Proposed Attorneys for Debtor
KRISHAN CORPORATION
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>KRISHAN CORPORATION,<br><br>           Debtor.<br><br>EIN: 77-0435452 | Case No. 10-50824 RLE<br>Chapter 11<br><br>**APPLICATION FOR EMPLOYMENT AS COUNSEL FOR DEBTOR IN POSSESSION**<br><br>[NO HEARING REQUESTED] |

      COMES NOW KRISHAN CORPORATION (Debtor) with this Application to Employ Steven J. Sibley, DiNapoli & Sibley, an Association, (the Firm) as Counsel for the Debtor in Possession. This Application is made pursuant to Bankruptcy Code section 327.

      IN SUPPORT OF THIS APPLICATION, DEBTOR represents as follows:

      1.    Debtor filed this case under Chapter 11 on January 28, 2010. The Firm has assisted the Debtor prior to, and since the inception of this case.

      2.    The Debtor desires to continue with the Firm's services in the chapter 11 case, based on the Firm's familiarity with this matter and the Firm's expertise in bankruptcy and reorganization. The scope of services to be rendered to the debtor includes those normally associated with general reorganization counsel, such as the preparation and filing of the debtor's schedules, pleadings and review of monthly operating reports, review of creditor claims, dealings with the Office of the U.S. Trustee, the preparation of disclosure statements and reorganization plans. In addition, the Firm may represent the debtor in adversary proceedings to recover money or property, and claim objections.

3. The Firm's standard hourly rates are $450.00 per hour for attorney Steven J. Sibley, $450.00 per hour for attorney John DiNapoli, and $200 per hour for paralegal Kerry Garcia. On January 27, 2010, the Firm received $26,000 from the debtor. Applicant is informed and believes that the $26,000 was borrowed by the debtor from Mr. Pankaj K. Pete Patel, the debtor's President, shareholder and member of the debtor's board of the directors. $6,525.00 in fees and $1,039 in costs were used for pre-bankruptcy filing services and costs, leaving a retainer balance of $18,436.00. The balance of the retainer payment will be used to reimburse the Firm its fees and costs for future services.

4. It is the Firm's understanding that some or all future compensation could be paid by the Debtor, depending on the debtor's operations and status of the reorganization process. If such compensation is to be paid or advanced by the debtor, the Firm will file a motion with the Court for approval of such post-petition payments.

5. The Firm and the Debtor entered into an Attorney Fee Agreement, a copy of which is attached as Exhibit "A" to Steven J. Sibley's Declaration, filed concurrently. Mr. Patel personally guaranteed payment of the Firm's fees and costs. A copy of the guaranty is also attached as Exhibit "A" to Steven J. Sibley's Declaration.

6. The terms of the Firm's compensation are at rates no less favorable than those charged by the Firm's other clients for similar matters. The Firm has not entered into any agreements to split or share fees with any other non-Firm professional.

7. Other than the disclosures set forth herein, the Firm has no other connection to the Debtor, any creditor, party in interest or the Office of the U.S. Trustee. Therefore, the Firm is "disinterested" as that term is defined in the Bankruptcy Code.

WHEREFORE, it is requested that the Court approve the Application.

KRISHAN CORPORATION

February 5, 2010

/s/ Pankaj K. (Pete) Patel
_____
PANKAJ K. (PETE) PATEL,
Responsible Person

# Exhibit A

# DINAPOLI & SIBLEY
Attorneys at Law
TEN ALMADEN BOULEVARD
SUITE 1250
SAN JOSE, CALIFORNIA 95113
TELEPHONE: (408) 999-0900   FACSIMILE: (408) 999-0191

January 28, 2010

**CLIENT:** KRISHAN CORPORATION
**REGARDING:** General Insolvency Counsel for Chapter 11 Reorganization - N.D. California, San Jose

## ATTORNEY FEE AND COSTS AGREEMENT

**1. *Retention:*** KRISHAN CORPORATION("CLIENT"), hereby retains STEVEN J. SIBLEY and DINAPOLI & SIBLEY, AN ASSOCIATION ("ATTORNEY") to represent CLIENT in the matter shown above. This assignment will hereinafter be referred to as the "CASE." This Agreement shall inure to the benefit of and bind the parties and their assigns and successors-in-interest.

**2. *Excluded Matters:*** This Agreement is limited to the proceedings described in § 1 and does not apply to other matters, including, but not limited to, preparation of any non-bankruptcy pleadings, trial, appeal or retrial of the CASE and any criminal proceedings affecting any of the parties or witnesses in the CASE, including CLIENT.

**3. *Conditions Precedent:*** ATTORNEY will have no obligation to provide legal services to CLIENT until CLIENT executes and returns this Agreement to ATTORNEY, execution of and signature of guarantor and deposits the retainer specified in § 5 (a), below.

**4. *No Warranties re Outcome:*** CLIENT acknowledges that ATTORNEY has made no representations concerning the successful termination of the CASE or the successful prosecution or defense of CLIENT's claims and has not guaranteed that CLIENT will prevail in the CASE or that CLIENT will recover any of its expenses in the CASE. ATTORNEY is retained specifically to attempt to resolve the CASE without litigation. ATTORNEY makes no representations or statements concerning the running or suspension of any period of limitations with regard to the CASE. CLIENT acknowledges that any statements of ATTORNEY on these matters are statements of opinion only.

**5. *Attorney's Fees:***

*(a) Retainer:* In consideration for ATTORNEY's entering into this Agreement to represent CLIENT's claims in the CASE, GUARANTOR will deposit with ATTORNEY an initial retainer of $26,000.00. This retainer, and additional deposits made, will be applied to the services rendered by ATTORNEY at his current hourly rate, as they are incurred in this matter, and to ATTORNEY's costs as defined in § 6 below.

Initials:   CLIENT _PP_                                                                     ATTORNEY _SJS_

**(b)    Additional Deposits/Payments by Debtor:** ATTORNEY may require additional deposits from GUARANTORS. Depending upon the progress and development of the CASE and subject to bankruptcy court review and approval, if required, ATTORNEY may request and further reserves the right to request additional advance deposits from CLIENT in amounts to be determined by CLIENT and ATTORNEY. CLIENT also consents and agrees that any retainer deposit be held in a non-interest bearing ATTORNEY trust account, which account may contain retainers and deposits from other clients or matters.

**(c)    Hourly Rates:**    ATTORNEY'S present hourly rates in the Case are: Steven J. Sibley–$450.00, John E.F. DiNapoli-$450.00. The services of other attorneys in ATTORNEY's firm or whom ATTORNEY retains to assist him in the prosecution or defense of the Case will be charged at rates commensurate with their experience, as determined by ATTORNEY and as approved by CLIENT. The services of paralegals will be charged at the rate of $200.00 per hour. These rates can change, and CLIENT will be promptly advised of any change in rates.

**(d)    Billing Units:**    With reference to hourly rates, CLIENT understands that for any service rendered by ATTORNEY or his paralegals, including, but not limited to, telephone calls and the review or preparation of correspondence to or from CLIENT, there will be a minimum charge of at least 6 minutes or 1/10th of an hour and that ATTORNEY's and the paralegals' time will be billed in increments of 1/10th of an hour.

**(e)    Negotiated Fee:**    The above fee arrangement is not set by law, but has been negotiated between ATTORNEY and CLIENT. These fees cover only legal services for CLIENT's claims in the matters and against the persons specified in this Agreement.

**6.    Costs and Expenses:**    CLIENT will be financially responsible for all expenses and costs that appear to ATTORNEY to be reasonably necessary for the representation of CLIENT's claims. These expenses will be itemized separately on ATTORNEY's monthly billing statements. The total amount of these costs cannot be accurately ascertained by either CLIENT or ATTORNEY at this time. If reimbursement of

Initials:              CLIENT _PP___                                              ATTORNEY _SJS___

such expenses will be paid by CLIENT, such reimbursement is subject to Bankruptcy Court review and approval.

> ***(a)   Specific Expenses***:   Reimbursable expenses are as set forth in the U.S. Trustee Guidelines for Reimbursement of Professional Fees and Expenses and include, but are not limited to fees and expenses charged by third parties for the filing, certification, or recordation of court pleadings and other documents, process servers' fees, court reporters' fees, investigators' fees and expenses, asset searchers' fees and expenses, witness fees, expert witnesses' fees and expenses, the preparation, transcription and summary of depositions, jury fees and costs, courtroom fees during trial, copying charges (20 cents per page), Federal Express charges, courier charges, reasonable travel expenses incurred by ATTORNEY in prosecuting or defending CLIENT'S cause, and similar and related expenses incurred by ATTORNEY before, during, and after the conclusion of the CASE in relation to the CASE.
>
> ***(b)   Advance Payment of Costs:***   In the event that significant costs are anticipated by ATTORNEY (e.g., for filing fees, jury fees, depositions, or expert witnesses), ATTORNEY may request, and, subject to bankruptcy court review and approval, that CLIENT deposit in ATTORNEY's trust account, sufficient funds to pay for those expenses before they have been actually incurred by ATTORNEY.

**7.   *Monthly Billing Statements:***   ATTORNEY will submit monthly billing statements to CLIENT, which will separately itemize legal services and costs incurred during the prior 30 days. Fees and costs to be reimbursed by the CLIENT, during the pendency of the chapter 11 bankruptcy proceeding are subject to bankruptcy court review and approval. Any amounts remaining unpaid will bear a service charge of 1.0% per month.

**8.   *Collection of Fees and Costs:***   CLIENT agrees to pay to ATTORNEY all reasonable attorneys' fees and costs incurred in collecting or recovering from CLIENT any sum of money due to ATTORNEY under the terms of this Agreement.

**9.   *Binding Arbitration:***   IN THE EVENT THAT A DISPUTE ARISES BETWEEN ATTORNEY AND CLIENT CONCERNING ATTORNEY'S SERVICES AND/OR FEES AND EXPENSES, INCLUDING, BUT NOT LIMITED TO, CLIENT'S FAILURE TO PAY ATTORNEY'S FEES AND COSTS, THE REASONABLENESS OF ATTORNEY'S FEES AND COSTS, OR ATTORNEY'S ALLEGED PROFESSIONAL NEGLIGENCE OR

Initials:         CLIENT *PP*                                        ATTORNEY *SJS*

MALPRACTICE, THE MATTER WILL BE SUBMITTED TO BINDING ARBITRATION, WHICH WILL BE CONDUCTED PURSUANT TO PART III, TITLE 9, OF THE CALIFORNIA CODE OF CIVIL PROCEDURE (§§ 1280 THROUGH 1294.2*).* IF THE PARTIES DO NOT AGREE ON THE SELECTION OF AN ARBITRATOR WITHIN THIRTY (30) DAYS OF A PARTY'S DEMAND FOR ARBITRATION, A JUDGE OF THE SANTA CLARA COUNTY SUPERIOR COURT SHALL SELECT THE ARBITRATOR, AS PROVIDED IN CODE OF CIVIL PROCEDURE § 1281.6. THE PREVAILING PARTY IN THE ARBITRATION SHALL BE AWARDED REASONABLE ATTORNEYS' FEES AND COSTS INCURRED IN THAT PROCEEDING. THE PARTIES ACKNOWLEDGE THAT BY REFERRING THESE DISPUTES TO BINDING ARBITRATION THEY ARE FORFEITING THEIR RIGHTS TO A TRIAL BY A JURY OR JUDGE OF THE COURT AND THEIR RIGHT TO APPEAL, VACATE OR MODIFY THE ARBITRATOR'S AWARD EXCEPT AS PROVIDED IN CODE OF CIVIL PROCEDURE §§ 1285 THROUGH 1294.2. THE PARTIES ACKNOWLEDGE THEIR REVIEW AND APPROVAL OF THIS PARAGRAPH BY INSERTING THEIR INITIALS ON THE FOLLOWING LINE:
   *PP  SJS*

   **10.**     **Settlement Authority:**     No settlement of any nature shall be made for any of CLIENT's claims or defenses in the CASE without CLIENT's approval. Approval of any settlement may also be subject to bankruptcy court review and approval. CLIENT agrees to make no settlement except in the presence of and with the approval of ATTORNEY. In the event that CLIENT makes a settlement of its claims or defenses without ATTORNEY'S knowledge and approval, CLIENT agrees to pay ATTORNEY all sums then due to ATTORNEY for attorneys' fees and costs incurred in the CASE.

   **11.**     **CLIENT'S Assistance and Cooperation:**     CLIENT shall keep ATTORNEY advised of CLIENT's address at all times, shall appear on reasonable notice at any and all depositions and court appearances, and shall comply with all reasonable requests of ATTORNEY in connection with the preparation and presentation of CLIENT's claims and defenses in the CASE.

   **12.**     **Signature Authority and Receipt and Disbursement of Funds:**  CLIENT gives ATTORNEY the power and authority to execute any and all claims, defenses, settlements, drafts, checks, compromises, releases, dismissals, deposits, orders, and other papers which CLIENT could properly execute in or in connection with the CASE, and to receive on CLIENT's behalf any moneys or other things of value to which CLIENT may be entitled because of any recovery or any settlement agreed upon in connection with the claims and defenses covered by this Agreement. ATTORNEY may receive the settlement amount. Before disbursing those funds to CLIENT, ATTORNEY may deduct therefrom, subject to bankruptcy court review and approval, if required, the amount of costs and expenses and attorneys' fees then due to ATTORNEY.

Initials:         CLIENT *PP*                                              ATTORNEY *SJS*

Attorney Fee and Costs Agreement                                           Page 5
KRISHAN CORPORATION

Attorney Fee and Costs Agreement                                           Page 5
KRISHAN CORPORATION

**13.     Right to Terminate Employment:**     CLIENT may discharge ATTORNEY at any time upon reasonable notice with or without cause.  ATTORNEY may withdraw as CLIENT's counsel with CLIENT's consent or for good cause upon reasonable notice.  ***All notices of withdrawal or termination shall be in writing at the addresses specified after each party's signature, below.***  (CLIENT and ATTORNEY shall promptly advise each other in writing of any changes in their addresses).  Good cause for ATTORNEY's withdrawal includes CLIENT's breach of any material provision of this Agreement, refusal to cooperate with ATTORNEY or to follow ATTORNEY's advice on a material matter, knowing misrepresentation of a material or essential fact regarding the matter, or any fact or circumstance that would, in ATTORNEY'S judgment, render ATTORNEY's continued representation unlawful, unethical, unfeasible or impracticable.  In the event of ATTORNEY's withdrawal or discharge, CLIENT shall promptly pay ATTORNEY for all services and costs rendered or advanced by ATTORNEY through the date of termination or withdrawal and for all time and expense incurred by ATTORNEY in transferring the CASE to CLIENT or new counsel, in accordance with the payment provisions of this Agreement.  Any funds of CLIENT which remain in ATTORNEY's trust account after payment for all services and costs will promptly be returned to CLIENT.

**14.     Review and Approval of Terms and Conditions:**

ATTORNEY HEREBY ADVISES CLIENT OF CLIENT'S RIGHT TO HAVE THIS AGREEMENT REVIEWED BY A DISINTERESTED ATTORNEY AND ENCOURAGES CLIENT TO EXERCISE THIS RIGHT BEFORE EXECUTING THIS AGREEMENT.  CLIENT DECLARES THAT CLIENT HAS READ THE FOREGOING AGREEMENT, FULLY UNDERSTANDS THE AGREEMENT PRIOR TO SIGNING IT, AND ASSENTS TO EACH AND ALL OF ITS TERMS AND CONDITIONS.

**15.     Acknowledgment of Receipt:**     CLIENT acknowledges receipt of a copy of this Agreement executed by ATTORNEY.

|  CLIENT | ATTORNEY |
|---|---|
| By:  _/s/ Panjak K. Patel_____<br>    PANKAJ K. (PETE) PATEL<br>    President\CFO | By:  _/s/ Steven . Sibley_____<br>    STEVEN J. SIBLEY<br>    Ten Almaden Blvd., Suite 1250<br>    San Jose, CA 95113 |
| Dated: 2/5/2010 | Dated: 2/5/2010 |

Initials:          CLIENT _PP__                                                   ATTORNEY _SJS__